UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

BRANDON S. FIELDS

Case No.  17-20062

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

      a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐     There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

    ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                          s/Terrence G. Berg
                                          UNITED STATES DISTRICT JUDGE

Dated:  February 4, 2021

In determining whether Mr. Fields is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether his release would be consistent with the factors set forth in § 3553(a). The government concedes that Mr. Fields has exhausted his administrative remedies. ECF No. 28, PageID.218. Therefore, the Court must consider whether there are any extraordinary and compelling reasons for release and whether they are outweighed by the § 3553(a) factors.

Mr. Fields alleges that he has asthma and hypothyroid. He also argues that the nature of the COVID-19 outbreak and the BOP's handling of the pandemic merit release. ECF No. 23, PageID.116-120. The government counters that Mr. Fields' asthma is mild and does not warrant release. ECF No. 29-2, PageID.431.

Neither mild asthma nor hypothyroidism appear on the CDC's list of medical conditions that increase risk for contracting COVID-19. *See* People with Certain Medical Conditions, https://perma.cc/L69K-Q7RJ. The existence of the COVID-19 pandemic on its own is not sufficient to warrant release. As to the prevailing conditions where Mr. Fields is housed, the Court does take note that FCI McKean appears to be currently experiencing a significant increase in COVID-19 cases:



*See* Pandemic Response Oversight, Dashboards of BOP COVID-19 Cases, https://perma.cc/83TS-WCPE. But given that Mr. Fields' specific health conditions are not considered serious co-morbidities, the Court finds that Mr. Fields has not demonstrated extraordinary and compelling reasons for release.

Additionally, the 3553(a) factors counsel against release. In particular, the Court finds that Mr. Fields' prior history presents a danger to the community that makes release inappropriate. 18 U.S.C. § 3553(a)(1). He has a history of violent offenses and misconduct both inside and outside of prison. PSR at ¶¶ 24-25; ECF No. 28, PageID.231. He first went to state prison after pleading guilty to armed robbery and felony firearm. As a result of his conduct while in prison, he was convicted of a felony for assaulting another inmate and received over twenty citations for various offenses. *Id.* He was eventually paroled from state prison; the charges in this case were brought after Mr. Fields was found with a loaded firearm when arrested for an outstanding parole violation warrant. PSR at ¶ 7. The warrant was issued based on a report that he had "shot out a window." *Id.* at ¶ 25. While it is true that Mr. Fields has nearly completed his sentence, with about eight months left on a sixty-month term of imprisonment, ECF No. 28-2, PageID.237, the Court nevertheless finds after considering the factors under 18 U.S.C. § 3553(a) that his early release would pose a danger to the community and is not justified.